Filed 5/30/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| OLD GOLDEN OAKS LLC, | C099948 |
| Plaintiff and Appellant, | (Super. Ct. No. 23CV13256) |
| v. | |
| COUNTY OF AMADOR, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Amador County, Steve Hermanson, Judge. Affirmed in part and reversed in part.

Everview LTD., Bradley B. Johnson and James I. Anderson for Plaintiff and Appellant.

Gregory G. Gillott, County Counsel and Glenn Spitzer, Deputy County Counsel for Defendant and Respondent.

Old Golden Oaks LLC applied for an encroachment permit and a grading permit from Amador County in connection with a housing development project. The county determined the applications were incomplete and requested Old Golden Oaks to provide

1

supplemental information.  Old Golden Oaks filed a petition for writ of mandate contending the county violated the Permit Streamlining Act (Gov. Code, § 65920 et seq.) by requesting information not included in the submittal checklists for both permits.  The trial court sustained the county's demurrer without leave to amend.

On appeal, Old Golden Oaks contends the catch-all provision in the county's encroachment permit submittal checklist violates the Permit Streamlining Act because it does not "specify in detail" the information required for a development project application.  We agree.  But the county may still condition the completeness of the grading permit application on the additional environmental information because the submittal checklist for the grading permit informed Old Golden Oaks that its project must comply with California Environmental Quality Act (Pub. Resources Code, § 21000 et seq; CEQA).  Accordingly, we reverse in part and affirm in part.

Undesignated statutory references are to the Government Code.

FACTUAL AND PROCEDURAL BACKGROUND

Old Golden Oaks owns a residential subdivision created by a map the county approved in 1973.  Old Golden Oaks's predecessor-in-interest had agreements with the county to construct streets and water service facilities for the subdivision.  But construction of the project was halted after 1973.  In 2023, Old Golden Oaks applied for a grading permit and an encroachment permit from the county.

For the grading permit, the county's submittal checklist required, among other things, a completed application, an erosion control plan, and a copy of right-of-way agreements.  Old Golden Oaks stated in its grading permit application that it planned to grade 58,740 cubic yards and acknowledged it must also submit a notice of intent, a storm water pollution prevention plan, and engineered plans.  The application also asked whether CEQA compliance was required, but Old Golden Oaks did not answer the question.  The county's municipal code section 15.40.090, entitled "Procedure for issuance of grading permits where required," states that grading over 5,000 cubic yards

2

requires engineered plans, erosion control measures, and is subject to CEQA.  Chapter 2.104 of the county's municipal code, entitled "CONDITIONS FOR APPLICATIONS FOR LAND USE PROJECTS," further requires an indemnification agreement for a land use project that is subject to CEQA.[1]  Old Golden Oaks concedes on appeal that its project must comply with CEQA.

The county's municipal code section 12.10.040 contains the submittal checklist for an encroachment permit.  The checklist includes a catch-all provision for "[o]ther information as may be required by the director [of transportation and public works]."

One week after Old Golden Oaks submitted its applications, the county informed Old Golden Oaks that its applications were incomplete and requested additional items.  These items were:  (1) an on-site soil evaluation and conceptual wastewater treatment design for each parcel one acre or smaller; (2) a plan signed by the Amador Water Agency that shows the proposed locations of all water facilities, as well as the location and size of all water transmission and distribution facilities; (3) a conditional "will serve" letter from Amador Water Agency that must include input from Jackson Valley Fire Protection District; (4) a contractor's declaration and representative authorization form and related information; and (5) a signed indemnity form.  The county also sought items particular to the grading permit:  (1) evidence of the submission of a notice of intent and a stormwater pollution prevention plan; (2) engineering estimate for the proposed excavation; (3) an erosion control plan; and (4) a proposed right-of-way agreement.

Old Golden Oaks filed a verified petition for writ of mandate and complaint for declaratory relief challenging the additional information sought by the county.  The trial

---

[1] We grant the county's unopposed request for judicial notice of chapter 2.104 of its municipal code.  (Evid. Code, § 452, subd. (b).)  But we deny the county's request for judicial notice of the Amador Water Agency – System Extension Agreement Concerning Lake Camanche Village Unit 3B because it is irrelevant to our disposition.  (*Save Lafayette Trees v. East Bay Regional Park Dist.* (2021) 66 Cal.App.5th 21, 29, fn. 2.)

court sustained the county's demurrer without leave to amend, finding that the encroachment permit checklist allowed the county to request additional information and the county has statutory authority to seek information necessary to comply with CEQA.

Old Golden Oaks timely appeals.

DISCUSSION

Old Golden Oaks contends the catch-all provision in the encroachment permit submittal checklist is inconsistent with the Permit Streamlining Act. We agree. But because the submittal checklist for the grading permit informed Old Golden Oaks that its project is subject to CEQA, the county may condition the completeness of the grading permit application on the additional environmental information.

1.    *Applicable Law*

The Legislature passed the Permit Streamlining Act to "ensure clear understanding of the specific requirements which must be met in connection with the approval of development projects and to expedite decisions on such projects." (§ 65921.) Under the Permit Streamlining Act, public agencies must maintain "one or more lists that shall specify in detail the information that will be required from any applicant for a development project." (§ 65940, subd. (a).) This list of information must "indicate the criteria which the agency will apply in order to determine the completeness of any application submitted to it for a development project." (§ 65941, subd. (a).) The criteria "shall not require the applicant to submit the informational equivalent of an environmental impact report as part of a complete application, or to otherwise require proof of compliance with [CEQA] as a prerequisite to a permit application being deemed complete." (§ 65941, subd. (b).) But it "may require sufficient information to permit the agency to" make the CEQA determination. (*Ibid*.)

After an agency receives an application for a development project, it must determine whether the application is complete and notify the applicant of its determination within 30 days. (§ 65943, subd. (a).) If the agency determines an

4

application is incomplete, it must "provide the applicant with an exhaustive list of items that were not complete. That list shall be limited to those items actually required on the lead agency's submittal requirement checklist." (§ 65943, subd. (a).)

The Guidelines for Implementation of the California Environmental Quality Act (Code Regs., tit. 14, § 15000 et seq; Guidelines) advises an agency to "be alert for environmental issues that might require preparation of an [environmental impact report] or that may require additional explanation by the applicant" when reviewing a permit application. (Guidelines, § 15060, subd. (a).) The agency "shall begin the formal environmental evaluation of the project after accepting an application as complete and determining that the project is subject to CEQA." (Guidelines, § 15060, subd. (b).) In doing so, the agency may require the applicant to submit additional information needed for environmental evaluation. (Guidelines, § 15060, subd. (a).)

We review the trial court's decision de novo because the interpretation of statutes is a pure question of law. (*Blaser v. State Teachers' Retirement System* (2019) 37 Cal.App.5th 349, 364.) We also accept the county's concession that the additional items it requested were not qualifying revisions under section 65942.

2. *The Encroachment Permit*

The county's encroachment permit application and submittal checklist make no mention of information needed for CEQA compliance. The submittal checklist contains a catch-all provision for "[o]ther information as may be required by the director [of transportation and public works]." But nothing in the record shows what such other information could be. The catch-all provision therefore violates the Permit Streamlining Act's mandate to "specify in detail" the requisite information for a permit and frustrates its purpose to "ensure clear understanding of the specific requirements which must be met in connection with the approval of development projects." (§§ 65921, 65940, subd. (a)(1).)

5

We reject the county's contention that it may request information for CEQA compliance as part of the permit application even though such information is not included in the submittal checklist. It is true that, contrary to Old Golden Oaks's argument, both the Permit Streamlining Act and CEQA allow an agency to seek information needed for environmental evaluation during the permit application process, and public agencies are advised to be alert for environmental issues when reviewing a permit application. (Gov. Code, § 65941, subd. (b); CEQA, § 21160, subd. (a).) But nothing in the statutes allows a public agency to condition the completeness of a permit application on environmental information that is not part of the submittal checklist. And the county cites no authority to the contrary. To be sure, the county may still seek environmental information from Old Golden Oaks both before and after the completion of the application. (Gov. Code, § 65941, subd. (b); Guidelines, § 15060, subd. (a); CEQA, § 21160, subd. (a).) But when such information is not part of the submittal checklist, it cannot be a condition for deeming the application complete. (Gov. Code, §§ 65940, subd. (a)(1), 65943, subd. (a).) The county argues it is impractical for it to provide detailed information needed for environmental evaluation in a standard submittal checklist because each project presents unique environmental issues. But as discussed below, it has already done so in the grading permit submittal checklist by alerting Old Golden Oaks that the project must comply with CEQA.

3.  *The Grading Permit*

The county's submittal checklist for a grading permit required Old Golden Oaks to provide a completed application, a proposed erosion control plan, and a copy of right-of-way agreements. The application in turn required a notice of intent, a storm water pollution prevention plan, and engineered plans. And municipal code section 2.104.030 requires applicants submit an indemnification agreement along with their permit applications if their project is subject to CEQA. Thus, the county may properly request Old Golden Oaks to provide these items. (Gov. Code, § 65943, subd. (a).)

6

Moreover, the application asked Old Golden Oaks whether the grading must comply with CEQA. Although Old Golden Oaks did not answer this question, the county's criteria for issuance of grading permits, municipal code section 15.40.090, expressly states CEQA compliance is required. This is sufficient to comply with the Permit Streamlining Act's mandate to "specify in detail" the information required for a permit application. We recognize the county did not list the exact environmental information needed in its criteria for issuance of grading permits. But as the county correctly points out, it is impossible to foresee the unique environmental issues presented in each development project and to include them in a standard checklist. Interpreting Government Code section 65940, subdivision (a)(1) as requiring public agencies to specify all environmental information needed in a standard permit submittal checklist would frustrate the agencies' authority to seek this exact information during a permit application process under Government Code section 65941, subdivision (b) and CEQA section 21160, subdivision (a). (See *Swallow v. California Gambling Control Com.* (2022) 77 Cal.App.5th 1037, 1045 ["We must attempt to harmonize all parts of the statutory and regulatory framework as a whole and avoid an interpretation that would render any part meaningless"].) Old Golden Oaks also concedes on appeal that its project must comply with CEQA. We thus see little extra burden on Old Golden Oaks to prepare the additional environmental information. It would have to submit the information to the county now or later. Accordingly, the county may request Old Golden Oaks to provide additional environmental information.

Finally, we reject Old Golden Oaks's contention that the county must keep all information required for a permit on a single checklist rather than maintaining several checklists in its municipal code and local ordinance. This conflicts with section 65940, subdivision (a)(1) that allows public agencies to compile "one or more lists" of information required for permit applications. Nothing in the Permit Streamlining Act requires the county to keep all lists in one location, and Old Golden Oaks cites no

authority to the contrary.  The county's municipal code also has clear section titles signifying each section containing information required for the encroachment permit and the grading permit, allowing easy access to each list.

DISPOSITION

The trial court's judgment is reversed insofar as it finds that the county may request environmental information from Old Golden Oaks for the encroachment permit. In all other respects the judgment is affirmed.  Each party shall bear its own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)



　　　　　　　　　　　　　　　　　　　　／s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　MESIWALA, J.



We concur:



／s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
ROBIE, Acting P. J.



／s/＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
FEINBERG, J.

8